## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) AMANDA YOUNG, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. |
| (1) DOMINION COMMUNICATIONS, LLC | ) | |
| An Oklahoma limited liability company, dba | ) | |
| Atlas Broadband | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW, the Plaintiff, Amanda Young, by and through their attorneys of record, and bring this action against the Defendant, Atlas Broadband, for violations of their constitutionally protected rights arising out of their respective employment and termination by said Defendant.

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Amanda Young is a resident of Rogers County, Oklahoma.

2.      Defendant Dominion Communications, LLC, doing business as Atlas Broadband, is headquartered in Rogers County and regularly conducts business in Tulsa County, Oklahoma.

3.      The incidents giving rise to this action occurred in Rogers County, Oklahoma and venue is therefore proper in the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. §1391(b)(2).

4.      Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S. C. §2000e et seq. ("Title VII"), and 42 U.S.C. 1981, providing relief against discrimination in employment and discharge on the basis of sex.

5.      Plaintiff brings this action for damages under the Oklahoma Anti-Discrimination Act ("OADA") Okla. Stat. tit. 25, §§ 1101 et. seq. providing relief against discrimination in employment on the basis of sex.

6.      Compensatory damages are sought pursuant to the OADA, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981(b).

7.      Punitive damages are sought pursuant to the OADA and 42 U.S.C. § 1981.

*8.*      Costs and attorney's fees may be awarded pursuant to the OADA and 42 U.S.C. § 2000e, *et seq*.

9.      The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") complaining of sexual harassment, gender discrimination, retaliation and termination due to her complaints about sexual harassment and Plaintiffs' gender. A Notice of Right to Sue was received by Plaintiff and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all exhaustion prerequisites required under Title VII.

## FACTS COMMON TO ALL CLAIMS

10.     Plaintiff incorporates as if realleged all preceding paragraphs.

11.     Plaintiff began working as a receptionist at Atlas Broadband around April 2021.

12.     Plaintiff's superior and Chief Financial Officer of Atlas Broadband, Milos Milenkovic, engaged in sexually harassing, discriminatory and retaliatory behavior against Plaintiff.

13.     On multiple occasions, Milos pressured Plaintiff to smell his cologne and inappropriately kissed her cheek without consent.

14.     On the morning of February 22, 2022, Milos hovered uncomfortably close to the Plaintiff at her desk while directing her to look up various colognes at her computer. At one point, Milos pulled the Plaintiffs hair back and sniffed her neck without her consent before kissing her cheek.

15.     On the afternoon of February 22, 2022, Milos directed the Plaintiff to enter his office and close the door before presenting her with a bottle of women's perfume and pressuring her to spray it on herself. Milos then grabbed the Plaintiff's face and forcibly kissed her on the lips. As Plaintiff tried to pull away, Milos forced her head in place and tried to insert his tongue into her mouth. When the Plaintiff continued to resist, Milos told her to "just let it happen." The Plaintiff continued resisting, and Milos eventually pulled away and lifted her sweatshirt, touching her stomach in the process. The Plaintiff swatted Milos's hands away before he could pull the sweatshirt higher and told him she was not interested in sex. The Plaintiff walked out of the office.

16.     That same afternoon, Plaintiff reported Milos's assault to HR employee and her supervisor, Kristian Wofford, who told the Plaintiff to contact Kristian's husband, a local police officer.

17.     On February 24, 2022, Kristian repeatedly urged the Plaintiff to not report the incident to anyone else, including attorneys, outside the business in fear of retaliation from Milos. However, later that day, Milos again inappropriately touched the Plaintiff's hair, further making her uncomfortable.

18.     On February 25, 2022, Plaintiff confronted Milos in his office with her superiors Vlad LNU and Kristian present. The Plaintiff told Milos the previous incident on February 22 was inappropriate and that the touching and requests for sex needed to stop. He responded "Okay," and the Plaintiff left the room.

19.     Later, on February 25, 2022, Kristian told the Plaintiff that Milos asked her whether the Plaintiff was good at her job. When Kristian told him that she was a talented receptionist and she would not train a replacement, Milos told Kristian he would not fire the Plaintiff.

20.     Also, on February 25, 2022, Kristian told the Plaintiff she recorded the Plaintiff's confrontation with Milos, but never provided the recording due to fear of retaliation.

21.     On or around March 3, 2022, the Plaintiff asked Kristian for permission to take a day off to visit the doctor. Kristian initially refused and told her she did not need a whole day off for a doctor's appointment. Kristian previously never had issues with or questioned the Plaintiff's infrequent requests for a sick day.

22.     On or around March 3, 2022, Milos called the Plaintiff into his office and told her that the previous incident would never be repeated. Later that day, Milos offered her a promotion. The Plaintiff did not want the position and continued to feel uncomfortable at her workplace.

23.     On or around March 12, 2022, the Plaintiff resigned from her position due to anxiety and fear developed as a result of a hostile and discriminatory work environment.

## FIRST CLAIM FOR RELIEF – DISCRIMINATION BASED ON SEX
### In Violation of Title VII, 42 U.S.C. 2000e, *et seq.*

24.     Plaintiff incorporates as if realleged all preceding paragraphs.

25.     By treating the Plaintiff differently than male employees with respect to supervision, duties, and working conditions, conditioning the privileges of Plaintiff's employment on sexual favors, and constructively discharging Plaintiff, the Defendant has violated Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for their mental anguish, pain and suffering and

other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination

committed by the Defendant's management and executives;

d. Their attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF – SEXUALLY HOSTILE WORK ENVIRONMENT
### In Violation of Title VII, 42 U.S.C. 2000e, *et seq.*

26.     The Plaintiff incorporate as if realleged all preceding paragraphs.

27.     By subjecting the Plaintiff to severe and pervasive sexual harassment, and constructively discharging Plaintiff, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff pray for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for their mental anguish, pain and suffering and
other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination
committed by the Defendant's management and executives;

d. Their attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF – RETALIATION
### In Violation of Title VII, 42 U.S.C. 2000e, *et seq.*

28.     Plaintiff incorporate as if realleged all preceding paragraphs.

29.     By changing the conditions of Plaintiff's employment after her complaints about the sexual harassment perpetrated against Plaintiff, and constructively discharging Plaintiff, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for their mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;

d. Their attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF – DISCRIMINATION BASED ON SEX
### In Violation of OADA.

30.     Plaintiff incorporates as if realleged all preceding paragraphs.

31.     By treating the Plaintiff differently than male employees with respect to supervision, duties, and working conditions, conditioning the privileges of Plaintiff's employment on sexual favors, and constructively discharging Plaintiff the Defendant has violated Oklahoma Anti-Discrimination Act.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for their mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;

d. Their attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF – SEXUALLY HOSTILE WORK ENVIRONMENT
### In Violation of OADA

32.    The Plaintiff incorporate as if realleged all preceding paragraphs.

33.    By subjecting the Plaintiff to severe and pervasive sexual harassment, and constructively discharging Plaintiff, the Defendant has violated Oklahoma Anti-Discrimination Act.

WHEREFORE, Plaintiff pray for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for their mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;

d. Their attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## SIXTH CLAIM FOR RELIEF – RETALIATION
### In Violation of OADA.

34.    Plaintiff incorporates as if realleged all preceding paragraphs.

35.    By changing the conditions of Plaintiff's employment after her complaints about the sexual harassment perpetrated against Plaintiff, and constructively discharging Plaintiff, Defendant has violated Oklahoma Anti-Discrimination Act.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for their mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;

d. Their attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

**WHEREFORE**, based on the foregoing, the Plaintiff pray that this Court grant the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

_____
Daniel E. Smolen, OBA #19943
701 South Cincinnati Avenue
Tulsa, Oklahoma 74119
(918) 585-2667 (Office)
(918) 585-2669 (Fax)
danielsmolen@ssrok.com

*Attorneys for Plaintiff*